# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**CHRISTOPHER ADAM JACKSON,**

    **Plaintiff,**                                                 **5:25-CV-00534**

vs.

**OFFICER SETH DICKENS, *ET AL.*,**

    **Defendants.**

## ORDER

On November 19, 2025, the parties came before the undersigned for a hearing on the following[1]:

1. ***Plaintiff's Emergency Motion for Preservation Order and to Compel Production of BWC Footage, and Magistrate Hearing Audio/Video*** (ECF No. 7) filed on October 2, 2025;

    a. ***Defendants' Response in Opposition to Plaintiff's Emergency Motion for Preservation Order and to Compel Production of BWC Footage, and Magistrate Hearing Audio/Video*** (ECF No. 15) filed on October 16, 2025;

    b. ***Plaintiff's Federal Reply in Further Support of Emergency Preservation/Production*** (ECF No. 17) filed on October 21, 2025;

2. ***Plaintiff's Motion to Disqualify Attorney Jared C. Underwood and his Firm as Counsel for the City of Beckley and the Beckley Police Department, For a Protective Order, and for Related Relief*** (ECF No. 14) filed on October 9, 2025;

---

[1] The Court has attempted to group the pleadings, as best it can, to other related pleadings.

    a. ***Plaintiff's Reply in Support of Motion to Disqualify Counsel (Jared C. Underwood; Pullin, Fowler, Flanagan, Brown & Poe, PLLC) and for Protective Relief*** (ECF No. 16) filed on October 21, 2025;

    b. ***Defendants' Response in Opposition to Plaintiff's Motion to Disqualify Attorney Jared C. Underwood as Counsel for the City of Beckley and the Beckley Police Department for a Protective Order and for Related Relief and Plaintiff's "Reply" in Support of Motion to Disqualify*** (ECF No. 18) filed on October 23, 2025;

    c. ***Plaintiff's Notice of Subsequent Developments Regarding Defense Counsel's Personal Representation in Related State Matters*** (ECF No. 24) filed on October 28, 2025;

        i. ***Defendants' Motion to Strike*** (ECF No. 30) filed on November 3, 2025;

        ii. ***Plaintiff's Opposition to Defendants' Motion to Strike*** (ECF No. 35) filed on November 4, 2025;

3. ***Defendants' Motion to Dismiss or In the Alternative Motion for Summary Judgment in Lieu of Answer*** (ECF No. 19) filed on October 25, 2025;

    a. ***Plaintiff's Short Response to Defendants' Rule 12(b)(6) Motion (Procedural)*** (ECF No. 25), filed on October 28, 2025;

4. ***Plaintiff's Motion to Supplement and Substitute Revised Proposed First Amended Complaint; in the Alternative, for Leave to File Second Amended Complaint and to Hold the Pending Motion to Dismiss in Abeyance or Deny it as Moot*** (ECF No. 22) filed on October 28, 2025;

2

5. *Plaintiff's Motion for Reconsideration of the Court's October 29, 2025 Order; Request to Vacate Partial Denial of Leave to Amend; and Motion to Stay the November 12, 2025 Filing Deadline* (ECF No. 28), filed on October 31, 2025;

   a. *Plaintiff's Motion to Supplement Pending Motion for Reconsideration with Revised Proposed First Amended Complaint (RP-FAC #2)* (ECF No. 36) filed on November 7, 2025;

   b. *Plaintiff's Narrowed Motion for Reconsideration of October 29, 2025 Order (Rule 54(b)); Request to Allow Joinder of the City, Officers, and Four Intertwined Private Actors Only; or Alternatively, for Limited Early Discovery and a Date-Certain to Revisit Joinder* (ECF No. 39), filed on November 13, 2025;

6. *Defendants' Objection to Plaintiff Continuing to Proceed in Forma Pauperis and Motion to Dismiss, or Alternatively, to Conduct Discovery on Issue* (ECF No. 29), filed on November 3, 2025;

   a. *Plaintiff's Opposition to Defendants' Objection to Proceeding in Forma Pauperis* (ECF No. 34), filed on November 4, 2025;

7. *Plaintiff's Notice of Filing Exhibits in Support of Motion for Leave to File Revised Proposed First Amended Complaint and in Opposition to Defendants' Motion to Dismiss* (ECF No. 31) filed on November 3, 2025;

8. *Plaintiff's Motion for Protective Order and Limited Sealing; In Camera Identity Submission for Confidential Witness* ("CW-1") (ECF No. 33) filed on November 3, 2025;

9. The sealed ***Plaintiff's "Extremely Urgent" Motion to Supplement the Record for Pending Motion for Reconsideration and Motion to File Exhibits Under Seal*** (ECF No. 37), filed on November 12, 2025;

10. ***Plaintiff's Conditional Motion to Accept Alternative First Amended Complaint (Officers/City Only)*** (ECF No. 40), filed on November 13, 2025;

11. ***Plaintiff's Emergency Motion (1) to Compel Non-Party Production Under Rule 45; (2) to Shorten Time; (3) for ESI Preservation and Judicial Notice; and (4) for Alternative Relief (Neutral Examiner or Limited Continuance)*** (ECF No. 41), filed on November 17, 2025;

12. ***Plaintiff's Notice Regarding Mootness of Defendants' Motion to Dismiss the Original Complaint*** (ECF No. 42), filed on November 18, 2025; Plaintiff's

13. ***Notice of Filing*** (ECF No. 43), filed on November 18, 2025; and

14. ***Plaintiff's Request for Judicial Notice of State Dispositions*** (ECF No. 44), filed on November 18, 2025.

On November 13, 2025, the Court entered an Order setting this matter for a conference before the undersigned and noted that the parties "should be prepared to discuss and/or argue the merits of all outstanding motions should the Court decide to take them up at the hearing." (ECF No. 38). The Court determined that all the matters listed above were ripe for the Court's consideration.

## Discussion

From the onset, the Court observed that there has not yet been a Rule 26(f) meeting in this matter, and no scheduling order has been entered governing discovery. Accordingly, the Court, for

4

the reasons stated upon the record, found that pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, the parties may not seek discovery from any source until after they have conducted a Rule 26(f) conference. The Plaintiff's request (ECF No. 7) for body-worn camera footage and magistrate recordings is, in substance, a request for discovery, and it is premature. The Court therefore declined to issue a preservation order. The Plaintiff has not presented any concrete evidence of spoliation or a specific, credible threat of destruction. The Defendants already have an independent duty to preserve relevant evidence once litigation begins (which they have acknowledged in their responsive pleading), and the Court expects full compliance with that obligation. With respect to magistrate audio or video recordings, the Defendants have represented that they do not possess or control any such materials, and the Plaintiff has not demonstrated otherwise. Materials held by the Raleigh County Magistrate Court or Circuit Court are not within these Defendants' possession, custody, or control. The subpoenas the Plaintiff references were issued by the Raleigh County Family Court and were quashed by that court. This Court is without authority to enforce same. Accordingly, the ***Plaintiff's Emergency Motion for Preservation Order and to Compel Production of BWC Footage, and Magistrate Hearing Audio/Video*** (ECF No. 7) is **DENIED**.

Having reviewed the pleadings surrounding the ***Plaintiff's Motion to Disqualify Attorney Jared C. Underwood and his Firm as Counsel for the City of Beckley and the Beckley Police Department, For a Protective Order, and for Related Relief*** (ECF No. 14), the Court further observes that outside of speculation and conclusory allegations, the Plaintiff has not borne the high burden to demonstrate that disqualification of Mr. Underwood and his law firm is warranted. In short, the Plaintiff has not shown any actual conflict under any of the pertinent Rules of the West

5

Virginia Rules of Professional Conduct. There is no attorney-client relationship between the Plaintiff and Mr. Underwood and/or his law firm. The Plaintiff therefore has no standing to assert conflicts arising from Mr. Underwood's representation of third parties, including Mr. Abrams, the Plaintiff's father-in-law, in unrelated state litigation. In addition, the Plaintiff has failed to demonstrate that Mr. Underwood is a likely, necessary witness under Rule 3.7 of the West Virginia Rules of Professional Conduct. There is no indication that Mr. Underwood has personal knowledge of any material facts relating to the Plaintiff's arrest, prosecution, or the claims in this case. Further, the record also shows that the Social Security Administration document upon which the Plaintiff relies to show a conflict or bias (See, e.g., ECF No. 18-2 at 14-17), was filed in a public court docket in a separate state case, which forecloses any allegation of improper access. As an additional matter, the ***Plaintiff's Reply in Support of Motion to Disqualify Counsel (Jared C. Underwood; Pullin, Fowler, Flanagan, Brown & Poe, PLLC) and for Protective Relief*** (ECF No. 16) filed on October 21, 2025 was submitted before any response was filed and is procedurally improper, and the Plaintiff's subsequently filed ***Notice of Subsequent Developments Regarding Defense Counsel's Personal Representation in Related State Matters*** (ECF No. 24) filed on October 28, 2025, functions as a sur-reply submitted without leave.[2] Thus, the Court disregards these filings, and the ***Defendants' Motion to Strike*** (ECF No. 30) these pleadings is hereby **GRANTED**. Accordingly, based on the foregoing, the ***Plaintiff's Motion to Disqualify Attorney Jared C. Underwood and his Firm as Counsel for the City of Beckley and the Beckley Police Department, For a Protective***

---

[2] Local Rule 7.1(a)(7) expressly prohibits sur-replies without leave of Court, and on October 29, the Court denied the Plaintiff's Motion for Leave to file a sur-reply on this issue (ECF No. 27). Accordingly, the Court construed the Plaintiff's Notice as a sur-reply filed without leave, and therefore improper; additionally, the Court noted that the Notice contains irrelevant, immaterial allegations and improper arguments and is therefore **STRICKEN** from the record.

*Order, and for Related Relief* (ECF No. 14) is hereby **DENIED**. The Court announced that although no sanctions will be imposed at this time, the Plaintiff is cautioned that continued misuse of the docket may result in appropriate limits or sanctions, see *infra*.

The Court also addressed the ***Defendants' Objection to Plaintiff Continuing to Proceed in Forma Pauperis and Motion to Dismiss, or Alternatively, to Conduct Discovery on Issue*** (ECF No. 29), and the ***Plaintiff's Opposition to Defendants' Objection to Proceeding in Forma Pauperis*** (ECF No. 34). The Defendants allege the Plaintiff's assertions of poverty are untrue, and that despite claiming he is "unemployed" and has no income or assets, including real estate, the Plaintiff is listed as owner and manager of Amplius Holdings and its companies in the real estate and rental leasing business; this business owns property in Beckley and is available for rent on Airbnb and hosted by "Adam".

The Plaintiff insists his allegation of poverty is true and the application to proceed without prepayment of fees and costs asks for the Plaintiff's *personal* assets and income – Amplius Holdings, LLC is a separate legal entity, and has another manager, Tom Dunn, therefore, the Plaintiff is not the sole owner/manager, as alleged by Defendants. The Plaintiff points out that the application does not require the Plaintiff to be destitute, just unable to pay the filing fee. The Plaintiff does not object to limited discovery into this issue and proposes that the Court review his relevant financial documents *in camera*.

At this time, the Court declines to review the Plaintiff's finances in camera, but notes that Under 28 U.S.C. §1915(e)(2)(A), dismissal is appropriate only if the Court finds that the allegation of poverty was intentionally untrue or materially misleading. While the Plaintiff's original application to proceed *in forma pauperis* failed to disclose certain assets or business interests, the

7

record does not presently establish intentional misrepresentation or bad faith. Accordingly, to the extent the Defendants seek dismissal of this matter and/or request to conduct limited discovery into this issue, the *Motion* (ECF No. 29) is **DENIED**. Nevertheless, the Court finds that the Plaintiff's financial disclosures were incomplete. Therefore, the Plaintiff is hereby **ORDERED** to file a revised financial affidavit within **fourteen (14) days from the date of this Order**, in which the Plaintiff **SHALL** fully disclose any ownership interests, real property held through his business entities, and any income or potential income derived from those assets. The Plaintiff is further warned that failure to comply or failure to fully disclose all assets may result in dismissal pursuant to 28 U.S.C. § 1915(e)(2)(A).

The Court revisited the *Plaintiff's Motion to Supplement and Substitute Revised Proposed First Amended Complaint; in the Alternative, for Leave to File Second Amended Complaint and to Hold the Pending Motion to Dismiss in Abeyance or Deny it as Moot* (ECF No. 22), given the Plaintiff's numerous subsequent filings on this issue, and therefore considered the *Plaintiff's Motion for Reconsideration of the Court's October 29, 2025 Order; Request to Vacate Partial Denial of Leave to Amend; and Motion to Stay the November 12, 2025 Filing Deadline* (ECF No. 28), the *Plaintiff's Motion to Supplement Pending Motion for Reconsideration with Revised Proposed First Amended Complaint (RP-FAC #2)* (ECF No. 36), and the *Plaintiff's Narrowed Motion for Reconsideration of October 29, 2025 Order (Rule 54(b)); Request to Allow Joinder of the City, Officers, and Four Intertwined Private Actors Only; or Alternatively, for Limited Early Discovery and a Date-Certain to Revisit Joinder* (ECF No. 39). For the reasons stated on the record, the Court notes that reconsideration under Rule 54(b) of the Federal Rule of Civil Procedure is appropriate only upon an intervening change in controlling law, new evidence previously

unavailable, or a clear error causing manifest injustice. Having reviewed the Plaintiff's numerous Motions, the undersigned observes that the Plaintiff identifies none of these exceptions under the Rule. Instead, the Plaintiff repeats the same arguments and allegations. The Plaintiff's numerous proposed amended complaints again attempts to introduce large numbers of unrelated defendants, including private individuals, private business entities, family members, and irrelevant state actors, and again raises matters entirely unrelated to the claims in this case. Moreover, the Plaintiff's proposed amended complaints are not short and plain. They clearly violate Rule 20 of the Federal Rules of Civil Procedure governing joinder, and an amendment would be futile as to many of the proposed defendants, including private actors and others having no relevance to the matters at bar. Accordingly, consistent with the Court's October 29 Order (ECF No. 26), the Plaintiff's Motions (ECF Nos. 28, 36, 39) are **DENIED**, *except* that the Plaintiff remains permitted to file *one* amended complaint limited solely to the existing named defendants and to the allegations arising from the domestic violation protective matter, the alleged evidence fabrication, and the Plaintiff's arrest and prosecution, see *infra*. All other requested amendments and all attached materials are rejected and hereby **STRICKEN** in conformance with the rulings herein.[3]

The Court also addressed the ***Plaintiff's Motion for Protective Order and Limited Sealing; In Camera Identity Submission for Confidential Witness ("CW-1")*** (ECF No. 33). The Court observed that the Plaintiff requests a protective order prohibiting private individuals, which can also include his spouse and her family, from reporting alleged violations, contacting law enforcement,

---

[3] The stricken materials include: the ***Plaintiff's Notice of Filing Exhibits in Support of Motion for Leave to File Revised Proposed First Amended Complaint and in Opposition to Defendants' Motion to Dismiss*** (ECF No. 31); the materials that the Plaintiff filed on November 3, 2025, labelled "Exhibit Q", entitled "Evidentiary Proffer of Material Falsehoods, Misrepresentations, Manipulations, Motives and Intentions" (ECF No. 32); the Plaintiff's ***Notice of Filing*** (ECF No. 43); and the ***Plaintiff's Request for Judicial Notice of State Dispositions*** (ECF No. 44).

9

but for purposes herein, concerns an unnamed uniformed officer with the Beckley Police Department, be kept confidential from the Defendants. Once again, the Court notes that this request does not arise from any discovery activity and is not governed by Rule 26(c). The Court recognizes that a federal district court lacks authority to enter orders regulating private individuals' communications with law enforcement, to oversee state domestic-relations matters, or to enjoin the enforcement of state protective orders or criminal processes. The Court also considered the Plaintiff's *"extremely urgent" Motion to Supplement the Record for Pending Motion for Reconsideration and Motion to File Exhibits Under Seal* (ECF No. 37) that he filed under seal and *ex parte*. The undersigned recognizes that the Plaintiff attempts to again supplement the record in support of his motion for reconsideration, and substantially concerns the same issues raised in the *Plaintiff's Motion for Protective Order and Limited Sealing; In Camera Identity Submission for Confidential Witness ("CW-1")* (ECF No. 33). The Court has carefully reviewed the Plaintiff's pleadings, including those he filed under seal, and in an attempt to create a clear record without disclosing private or sensitive details beyond what is necessary for judicial explanation, the Court determined as follows: first, the Plaintiff's proposed transcript appears to be a recorded conversation between the Plaintiff and a uniformed Beckley Police Department officer, rather than a conversation between Plaintiff and a private individual. In that conversation, the officer expresses personal frustration and disagreement with how certain domestic-related incidents involving the Plaintiff were handled by other officers within the Beckley Police Department, including the named Defendant, Officer Dickens. The undersigned observed that the officer's comments included: that he believed the Abrams family or related private individuals had exaggerated or manipulated certain events; that he believed Officer Dickens may have been aware of the Plaintiff's video evidence

10

before filing a complaint; that he personally thought a more thorough investigation should have been conducted before charges were brought; that he disagreed with decisions made by other officers or supervisors; and that he felt the Plaintiff had been treated harshly in some domestic-situation responses.

The Court found that the statements attributed to this confidential officer are informal, personal impressions, and that they reflect the officer's subjective views and frustrations with other officers, supervisors, and with the broader handling of domestic-complaint situations within the department. Crucially, the transcript does not demonstrate that any named Defendant in this action engaged in any fabrication of evidence, suppression of evidence, purposeful constitutional misconduct, or any coordinated or deliberate violation of the Plaintiff's constitutional rights. Additionally, the Court found that even if the confidential officer disagreed with the actions or judgments of other officers, such retrospective disagreement does not constitute evidence of a Fourth Amendment violation. An officer's opinion formed after the fact does not negate probable cause as it existed at the time, does not create a constitutional tort, and does not retroactively invalidate an arrest or prosecution. The transcript contains no statements showing that Defendant Dickens knowingly used false information, that any report was falsified, or that any alleged inaccuracy was intentional or malicious. Further, the Court determined that after having reviewed the sealed evidence, there is also nothing that relates in any meaningful way to the Plaintiff's request for sanctions against defense counsel: the transcript does not involve defense counsel, does not address any filings made by counsel, and does not reveal misconduct or misrepresentation by counsel. Subsequent conversations between the Plaintiff and the confidential officer does not undermine those filings. As an additional matter, the Plaintiff's sealed exhibits do not provide any

11

basis for reconsideration of any prior order of this Court, as they do not constitute newly discovered evidence that was previously unavailable, they do not reveal any clear error in the Court's prior analysis, and they do not demonstrate any manifest injustice. Further, to the extent the Plaintiff seeks, through these motions, a federal protective order restricting or interfering in the decisions or proceedings of State courts concerning private individuals, such as his spouse, other family members, the Court lacks jurisdiction to grant such relief, pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, the Younger abstention[4], and/or the domestic-relations exception. To the extent the Plaintiff seeks a federal injunction or protective order against private parties or against the Beckley Police Department, the Plaintiff has not shown evidence of ongoing or imminent constitutional harm that this Court is empowered to enjoin. Finally, the Plaintiff's sealed filings do not alter the Court's analysis on any pending matter in this case, including the Plaintiff's attempts to amend his complaint. The statements contained in the Plaintiff's sealed exhibits relate primarily to interpersonal conflicts, domestic-relations matters, and the confidential officer's dissatisfaction with internal departmental communications and/or judgments. They do not expand or alter the factual or legal basis for the Plaintiff's federal claims and do not support adding new parties or new unrelated claims. Accordingly, ***Plaintiff's Motion for Protective Order and Limited Sealing; In Camera Identity Submission for Confidential Witness ("CW-1")*** (ECF No. 33) and ***Motion to Supplement the Record for Pending Motion for Reconsideration and Motion to File Exhibits Under Seal*** (ECF No. 37) are **DENIED**. The Court will maintain the Plaintiff's pleadings and exhibits under seal, as the Court observes that the Plaintiff's Motions are attempts to engage in discovery when discovery has yet to officially begin in this action. However, the Plaintiff is

---

[4] See Younger v. Harris, 401 U.S. 37 (1971).

cautioned that continued attempts to re-litigate domestic-relations issues or to seek federal supervision over law enforcement responses in state court proceedings will not be entertained in this action. As an additional matter, once a scheduling order is entered in this case, pursuant to the pertinent Local and Federal Rules of Civil Procedure, the Plaintiff will be obligated to disclose this evidence to opposing counsel if he intends to rely upon same in prosecution of this action, then at the appropriate time, the Court will unseal these pleadings.[5]

The Court also considered the ***Plaintiff's Conditional Motion to Accept Alternative First Amended Complaint (Officers/City Only)*** (ECF No. 40). The Court observed that unlike the much broader proposed pleadings submitted by the Plaintiff, the proposed amended complaint (ECF No. 40-1) is substantially more concise and appears to conform to the limitations the Court set forth in its October 29 Order. In short, the Court noted that this proposed first amended complaint focuses more directly on the claims arising from the domestic violence protective order incident, the allegations regarding body-worn-camera evidence, the investigation conducted by the named Defendants, and the Plaintiff's arrest and subsequent prosecution, and therefore, to that extent, the proposed first amended complaint represents progress toward a compliant pleading, as well as an operative complaint by which these proceedings can now commence. However, even this streamlined version of a proposed first amended complaint still contains allegations that fall outside the scope of permissible amendment: it continues to include references to private individuals, including members of the Plaintiff's family, concerns domestic-relations disputes that

---

[5] Pursuant to this District's Local R. Civ. P. 26.4(c)(1), "[t]he rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it. The rule may be abrogated only in exceptional circumstances." The Court further acknowledges that the common law presumption of public access can be overcome only if the party seeking to seal the documents shows "some significant interest outweighing the presumption." See Rushford v. New Yorker Mag., 846 F.2d 249, 253 (4th Cir. 1988).

13

are not actionable under 42 U.S.C. § 1983, and therefore fall outside this Court's jurisdiction. It also incorporates unrelated property, medical, and personal matters that do not arise from the same transaction or occurrence and cannot be joined in this case pursuant to Rule 20 of the Federal Rules of Civil Procedure. Accordingly, the ***Plaintiff's Conditional Motion to Accept Alternative First Amended Complaint (Officers/City Only)*** (ECF No. 40) is **GRANTED IN PART and DENIED IN PART**. The Plaintiff may file an amended complaint based on the structure of the proposed pleading, but it must be strictly limited to the currently named Defendants and to claims arising from the body-worn-camera evidence, the protective-order incident, the related investigation, and the Plaintiff's arrest and prosecution. All allegations involving private actors, domestic-relations matters, jail medical issues, or unrelated disputes must be removed as this Court observed in its Order entered on October 29, 2025. Accordingly, it is hereby **ORDERED** that the Plaintiff shall file, within **fourteen (14) days of the date of this Order**, his first amended complaint that complies with these limitations. Any amended complaint that exceeds these boundaries will be stricken. The Court reminds the Plaintiff that once an amended complaint is filed and served upon the Defendants, and upon the filing and service of the Defendants' response or answer thereto, the Court will then issue an Order and Notice outlining certain deadlines pursuant to Local Rule Civ. P 16.1.

Because the Court is allowing the Plaintiff to amend his original complaint, the ***Defendants' Motion to Dismiss or In the Alternative Motion for Summary Judgment in Lieu of Answer*** (ECF No. 19) is hereby **DENIED** as **MOOT**. The Court recognizes, however, that the Defendants may refile any appropriate dispositive motion as this action proceeds in due course.

The Court also addressed the ***Plaintiff's Emergency Motion (1) to Compel Non-Party***

*Production Under Rule 45; (2) to Shorten Time; (3) for ESI Preservation and Judicial Notice; and (4) for Alternative Relief (Neutral Examiner or Limited Continuance)* (ECF No. 41). The Court notes that the Plaintiff seeks to compel non-party Precision Legal Services to produce a forensic extraction report. The motion is procedurally premature and must be denied. While a federal court may compel a non-party to produce documents only through the mechanism of a valid Rule 45 subpoena, the record reflects that no subpoena was issued, no subpoena was served, and no subpoena was filed on the docket. Without a subpoena, the non-party has no legal obligation to respond, and there is no command for the Court to enforce under Rule 45(d)(2)(B). As stated several times previously, discovery has not yet commenced under Rule 26(d)(1), and the Plaintiff has not shown that any exception to that rule applies. Accordingly, the *Plaintiff's Emergency Motion (1) to Compel Non-Party Production Under Rule 45; (2) to Shorten Time; (3) for ESI Preservation and Judicial Notice; and (4) for Alternative Relief (Neutral Examiner or Limited Continuance)* (ECF No. 41) is **DENIED WITHOUT PREJUDICE**. If the Plaintiff wishes to obtain documents from a non-party, then he must first issue and properly serve a Rule 45 subpoena – after discovery is open – and then seek relief only if the non-party fails to comply.

Finally, the Court would be remiss without mentioning that it has expended significant judicial resources addressing the Plaintiff's repeated, duplicative, and procedurally improper filings, which included multiple successive motions on the same issue(s), unauthorized supplements, premature discovery motions, and motions relating to matters outside this Court's jurisdiction. Because of this, during the hearing, the Court provided a copy of this District's operative Local Rules of Procedure. Therefore, the Plaintiff is hereby **NOTIFIED** that, moving forward, he must comply with this District's Local Rules and Procedures. This District's operative

Pro Se Handbook advises *pro se* parties that they are "responsible for learning about and following all the procedures that govern the court process . . . [and for becoming familiar with and following the Court's Local Rules and Procedures." Pro Se Handbook, at §§ 2.3, 4. Further, "[t]he Court may penalize a party or attorney for failing to comply with a law, rule, or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." Id. The Court warns the Plaintiff that continued submission of repetitive, frivolous, or procedurally unauthorized filings may result in the Court imposing filing restrictions, including but not limited to: that the Plaintiff be required to seek leave of Court prior to the filing of any additional motions; that the Plaintiff be restricted to a number or type of motion that he may file; and any other appropriate restrictions to ensure the orderly administration of this case. While the Court recognizes that the Plaintiff remains free to present legitimate and procedurally proper motions, the Plaintiff must do so in strict compliance with the Federal and Local Rules of Civil Procedure.

The Clerk is directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*, and to counsel of record.

The Clerk is further directed to mail a copy of this District's Pro Se Handbook, an Application to Proceed Without Prepayment of Fees and Costs, and a form Complaint to the Plaintiff. Failure of the Plaintiff to file an updated Application to Proceed Without Prepayment of Fees and Costs or a form Complaint within fourteen (14) days of the date of this Order will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[6] and Rule 41.1 of the Local Rules of Civil Procedure for the

---

[6] Rule 41(b) of the Federal Rules of Civil Procedure provides:
**Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal

Southern District of West Virginia[7].

ENTER: November 20, 2025.



Omar J. Aboulhosn
United States Magistrate Judge

---

under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

[7] Rule 41.1 of the Local Rules provides:
**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.