# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

CHRISTOPHER ADAM JACKSON,

      Plaintiff,

v.                                   CIVIL ACTION NO. 5:25-cv-00534

OFFICER SETH DICKENS, DEPUTY CHIEF
DAVID ALLARD, CHIEF DEAN BAILEY, and
CITY OF BECKLEY,

      Defendants.

### <u>ORDER AND NOTICE</u>

This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and is referred to the undersigned for "total pretrial management and submission of proposed findings of fact and recommendations for disposition" by standing order and by the Court's December 1, 2025 *Order*. (ECF Nos. 3; 50). Approximately twenty-two motions are presently pending before the Court. (*See* ECF Nos. 7; 14; 19; 28; 29; 30; 33; 36; 37; 39; 40; 41; 55; 57; 58; 59; 60; 63; 64; 65; 69; 70). For purposes of judicial efficiency, the undersigned will take up the motions which may be adjudicated by order pursuant to 28 U.S.C. § 636(b)(1)(A) together herein, *infra*. (ECF Nos. 7; 14; 28; 30; 33; 36; 37; 39; 41; 55; 57; 58; 59; 60; 63; 64; 65; 69; 70). The remaining motions will be taken up separately by *Proposed Findings and Recommendations* pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 19; 29; 40).

## I.    BACKGROUND

On September 3, 2025, Plaintiff Christopher Adam Jackson ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated the instant civil action against the Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 2). Plaintiff named four Defendants in his *Complaint*: (1) Officer Seth Dickens, identified as "a Beckley Police Department officer"; (2) Deputy Chief David Allard, identified as "a supervisory officer of the Beckley Police Department"; (3) Chief Dean Bailey, identified as "the Chief of Police of the Beckley Police Department"; and (5) the City of Beckley, identified as "a West Virginia municipal corporation." *Id.* at 1 ¶¶ 2-5.

This matter arises from a May 16, 2025 bond-revocation hearing before the Family Court of Raleigh County, West Virginia (hereinafter the "State-Court Proceeding"). (ECF No. 2 ¶ 8). The State-Court Proceeding concerned Plaintiff's "alleged violations of a domestic violence protective order[.]" *Id.* In the *Complaint*, Plaintiff alleges that, during these proceedings, "witnesses including Officer Seth Dickens testified that a 'video' showed Plaintiff engaging in conduct violating the order." *Id.* Plaintiff alleges that he did not in fact violate the domestic violence protective order; rather, he made a "brief visit to obtain a check, during which he repeatedly stated his limited purpose and left immediately after receiving the check." *Id.* ¶ 9. Plaintiff allegedly "recorded his own exculpatory video of the brief visit" and "attempted to introduce this exculpatory video at the hearing [although] . . . it was not admitted." *Id.* ¶ 9. At the conclusion of the State-Court Proceeding, "Plaintiff's bond was revoked and he was remanded without bond, resulting in approximately four months of incarceration." *Id.* ¶ 10. Subsequently on August 28, 2025, however, "[t]he State dismissed the charges," and "Plaintiff's detention

terminated favorably to him." *Id.* ¶ 12.

According to Plaintiff, Officer Dickens had testified during the State-Court Proceeding that he was wearing a body-worn camera when he watched the video footage allegedly showing Plaintiff engaging in conduct violating the order, and that the "body-worn camera captured [Officer Dickens] viewing that 'video.' " *Id.* ¶ 8. Plaintiff alleges upon information and belief, however, that "no [such] inculpatory 'video' existed" and, ostensibly, Officer Dickens's testimony was not truthful. *Id.* ¶ 13. Plaintiff further alleges that "Deputy Chief David Allard advised or directed Officer Dickens to move forward with filing the charges, and therefore provide false testimony about the existence and contents of an inculpatory 'video.' " *Id.* In support, Plaintiff alleges that, on June 17, 2025, he "filed a motion seeking Brady materials," with the State Court, "including any inculpatory 'video,' any body-worn camera footage documenting the viewing of such 'video,' and related records." *Id.* ¶ 11. Ultimately, however, "[n]o inculpatory 'video' was produced," despite "multiple other Motions for discovery [being] file[d] involving the inculpatory 'video.' " *Id.*

Based upon the foregoing allegations, Plaintiff asserts three causes of action against the Defendants premised upon 42 U.S.C. § 1983. *Id.* ¶¶ 16-26. First, Plaintiff asserts a § 1983 claim against the Defendants for "fabricating or presenting false evidence" causing Plaintiff's loss of liberty and damages including "emotional distress, reputational harm, and economic losses." *Id.* ¶¶ 15-20. Next, Plaintiff asserts a § 1983 claim against the Defendants for "malicious prosecution/unlawful pretrial detention" on the grounds that probable cause for the criminal prosecution was premised upon "fabricated evidence and false testimony about a non-existent inculpatory 'video' . . . [that] terminated in Plaintiff's favor by dismissal." *Id.* ¶¶ 21-24. Third and finally, Plaintiff

asserts a § 1983 claim against the City of Beckley for, *inter alia*, failure to train "on evidence verification and disclosure obligations" constituting "moving forces behind the violations and Plaintiff's ensuing detention and damages." *Id.* ¶ 26.

This matter was referred to Magistrate Judge Omar J. Aboulhosn by standing order on September 3, 2025. (ECF No. 3). On November 20, 2025, Judge Aboulhosn entered an *Order* adjudicating a number of Plaintiff's pending motions. (*See* ECF No. 46). Subsequently on December 1, 2025, the matter was transferred from Judge Aboulhosn to the undersigned. (ECF No. 50). Judge Aboulhosn's *Order* was then vacated. (ECF No. 52). Thus, the motions are now before the undersigned for reconsideration, in addition to a number of various additional motions filed by the parties.

## II.    DISCUSSION

### A.    ECF No. 7 – Plaintiff's *EMERGENCY Motion for Preservation Order and to Compel Production of BWC Footage, and Magistrate Hearing audio/video*

On October 2, 2025, Plaintiff filed an *EMERGENCY Motion for Preservation Order and to Compel Production of BWC Footage, and Magistrate Hearing audio/video*. (ECF No. 7). Therein, Plaintiff, *inter alia*, requests that the Court enter "an emergency preservation order requiring the City of Beckley and the Beckley Police Department, and their agents, to preserve, maintain, and not alter or destroy specified evidence, including body-worn camera (BWC) video, native metadata, and audit logs[.]" *Id.* at 1. Additionally, Plaintiff seeks "an order compelling production of the complete audio recordings, transcripts, and docket/exhibit records of identified magistrate court hearings after four documented attempts to obtain them without success." *Id.* Plaintiff asserts that the relief he requests "is necessary to prevent spoliation, to stop ongoing noncompliance from frustrating discovery, and to secure core evidence that goes to liability, causation, and

damages under 42 U.S.C. § 1983 and related claims." *Id.*

Simply put, Plaintiff's motion is premature. First, Plaintiff is proceeding *in forma pauperis*. (*See* ECF No. 4). Pursuant to 28 U.S.C. § 1915(e), the Court must screen complaints filed by plaintiffs who—like Plaintiff in the matter *sub judice*—proceed *in forma pauperis*. 28 U.S.C. § 1915. On preliminary screening, the Court's role is to determine whether the action must be dismissed for, among other reasons, failing to state a plausible claim for relief, or asserting a frivolous/malicious claim. 28 U.S.C. § 1915(e)(2). *See also Randolph v. U.S. Dep't of Just. Identity Theft Task Force*, 16-cv-36, 2016 WL 112545, at *1 (D. Md. Jan. 8, 2016), *aff'd*, 643 Fed. App'x 250 (4th Cir. 2016). Generally, a federal district court's initial screening under § 1915(e)(2) should occur at the commencement of the action, at the time the *in forma pauperis* application is considered. *Nietzke v. Williams*, 490 U.S. 319, 324-328 (1989). *See also* Michael Zachary, DISMISSAL OF FEDERAL ACTIONS AND APPEALS UNDER 28 U.S.C. §§ 1915(e)(2), 43 N.Y.L. SCH. L. REV. 975 (1999-2000) (explaining that the complaint is subject to § 1915(e)(2) review "[t]he moment the complaint is filed"). Until initial screening has been completed and the pleadings closed, discovery in this matter is simply premature. *See also* Fed. R. Civ. P. 26(d)(1) (prohibiting parties from seeking discovery from any source pending completion of Rule 26(f) conference).

Furthermore, Plaintiff has not demonstrated a need for the relief he seeks. As Plaintiff himself points out in his motion, the Defendants have a preexisting duty to preserve evidence once litigation is reasonably anticipated. (*See* ECF No. 7 at 2) (collecting cases). Furthermore, the Federal Rules of Civil Procedure provide recourse in the event a party fails to meet this obligation. *Id.* (citing Fed. R. Civ. P. 37(e)). While Plaintiff demonstrated that he has had difficulty obtaining the evidence he seeks during

the pre-litigation and pre-discovery phases of this matter, he has produced no evidence of spoliation or other bad faith by Defendants or their counsel.

Nor has Plaintiff demonstrated any "emergency." While a number of Plaintiff's filings are characterized as an "emergency" (*see* ECF Nos. 7; 41; 55; 57; 69), Plaintiff's own personal sense of urgency in the resolution of this civil action does not call for the Court to reprioritize this matter ahead of the Court's orderly administration of its own docket. Based upon the foregoing, unless and until this civil action passes initial § 1915 screening, the pleadings close, *and* this matter proceeds to the discovery phase, the undersigned **FINDS** that the relief Plaintiff seeks is simply premature, and Plaintiff's motion (ECF No. 7) must be **DENIED**.

### B.    ECF No. 14 – Plaintiff's *Motion to Disqualify Attorney Jared C. Underwood and His Firm as Counsel for the City of Beckley and the Beckley Police Department, for a Protective Order, and for Related Relief*

On October 9, 2025 Plaintiff filed a *Motion to Disqualify Attorney Jared C. Underwood and His Firm as Counsel for the City of Beckley and the Beckley Police Department, for a Protective Order, and for Related Relief.* (ECF No. 14). Therein, Plaintiff explains that Attorney Underwood—in addition to representing the Defendants—represents Alan David Abrams. *Id.* at 2. Mr. Abrams appears to be Plaintiff's former father-in-law, against whom "Plaintiff has filed multiple civil actions in the Circuit Court of Raleigh County[.]" *Id.* Plaintiff believes that Mr. Abrams "acted in concert" with Defendants "in the factual chain that led to fabricated evidence, suppression of exculpatory material, and Plaintiff's unlawful detention." *Id.* In support, Plaintiff makes a speculative and conclusory assertion that Attorney Underwood "may be a material witness regarding source, timing, and handling" Mr. Abrams's "attempt[] to deploy

personal/confidential documents outside discovery[.]" *Id.* at 3. Additionally, Plaintiff argues that "Mr. Underwood's simultaneous representation of the City/[Beckley Police Department] BPD and his personal representation of Mr. Abrams creates at least a significant potential for a serious conflict of interest . . . in a matter touching public trust" pursuant to Rules 1.7 and 1.10 of the West Virginia Rules of Professional Conduct, such that "[c]ontinued representation thus threatens the integrity of these proceedings." *Id.*

In addition to disqualification, Plaintiff seeks a protective order "[p]rohibiting use, disclosure, or reliance on any personal/confidential materials allegedly sourced from Plaintiff's former residence and not acquired through lawful discovery;" and "[r]equiring immediate identification, segregation, and return (or escrow with the Court) of such materials[.]" *Id.* at 4. It appears that "confidential" materials Attorney Underwood relied upon in contesting Plaintiff's indigency before, *inter alia*, the Circuit Court of Raleigh County, West Virginia, were allegedly obtained improperly, including correspondence to Plaintiff from the Social Security Administration. (ECF No. 14-2).

On October 28, 2025, Plaintiff filed a *Notice of Subsequent Developments Regarding Defense Counsel's Personal Representation in Related State Matters*. (ECF No. 24). Therein, Plaintiff represents that Defendants' counsel "and their firm are listed as counsel of record for Alan David Abrams and Sarah Abrams in their personal capacities" in a matter before the Circuit Court of Raleigh County, West Virginia. *Id.* Plaintiff argues that this fact "underscores the concerns already raised regarding dual roles, advocate-witness issues, and the risk of cross-matter misuse of sensitive materials[.]" *Id.* at 1. In support of his motion, Plaintiff attached screen-shot images from

the "WVPASS" website[1] indicating that Defendants' counsel are listed as counsel of record in Raleigh County Circuit Court Civil Action No. CC-41-2025-C-325. (ECF No. 24-1). Notably, the screen-shot images submitted by Plaintiff do not specifically list defense counsel as counsel for either Alan David Abrams or Sarah Abrams in that matter.

In response to Plaintiff's *Notice*, Defendants submitted their own screenshots from WVPASS indicating that both Alan David Abrams and Sarah Abrams are represented by James R. Sheatsley, Esq. in that matter, while defense counsel represent the City of Beckley and Beckley Police Department in that matter. (ECF Nos. 30; 30-1). The images supplied by defense counsel support their representations. (*See* ECF No. 30-1). Lastly, defense counsel notes that the subject civil action pending in the Raleigh County Circuit Court was dismissed "in its entirety" on October 30, 2025. (ECF Nos. 30 at 3; 30-3 at 8).

### i. Disqualification

In deciding whether a prohibited conflict of interest exists, the Court "is not to weigh the circumstances 'with hair-splitting nicety' but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification." *Rose v. Francis*, 5:22-cv-00405, 2023 WL 6054633, at *3 (S.D.W. Va. Sept. 15, 2023) (citations omitted). Nevertheless, "[t]he drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Id.* (citing *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992) (internal citation omitted)).

---

[1] The undersigned takes judicial notice that WVPASS—the "West Virginia Public Access Search System"—is an online platform published by the West Virginia Judiciary to provide public access to electronic circuit court records. *See* https://wvpass.courtswva.com.

Ultimately, the question of "whether counsel should be disqualified is a matter within the discretion of the district court." *Knechtges v. N.C. Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 WL 2469915, at *1 (E.D.N.C. Feb. 22, 2023) (citing *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996)).

Plaintiff cites to two West Virginia Rules of Professional Conduct in support of his motion. First, Plaintiff relies upon Rule 1.7, which generally requires that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." W. Va. R. Professional Conduct 1.7(a). A concurrent conflict of interest exists if "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." *Id*. Plaintiff also relies upon Rule 1.10 of the West Virginia Rules of Professional Conduct in support of his motion. Similarly, Rule 1.10 extends the same protection to former clients, in the context of lawyers associated in a firm. W. Va. R. Professional Conduct. 1.10.

First, Plaintiff has not demonstrated that Attorney Underwood's concurrent representation of Defendants and Mr. Abrams involves a concurrent conflict of interest under either of the Rules of Professional Conduct cited by Plaintiff, or otherwise. To the contrary, it appears that Defendants and Mr. Abrams's interests are both adverse to *Plaintiff*—but not to one another. Moreover, "the ability to move for the disqualification of counsel because of a conflict of interest lies with the Defendant[s] in this case" because "[t]he party moving for disqualification must have had or currently have an attorney-client relationship with counsel in question in order to object to the representation." *Wright v. Williamsburg Area Med. Assistance Corp.*, 4:12-cv-152, 2013 WL 12184285, at

*1 (E.D. Va. Apr. 9, 2013) (denying pro-se plaintiff's motion to disqualify defense counsel pursuant to similar Virginia Rule of Professional Conduct when, "[a]lthough the plaintiff has filed separate actions against distinct defendants, the essential cause of action is the same and the interests of the [d]efendants are congruent"). Here, because the interests of Defendants and Mr. Abrams appear to be congruent, Plaintiff has simply failed to demonstrate any basis for disqualification.

While Plaintiff further argues that disqualification is proper because Attorney Underwood is a potential witness, Plaintiff's mere speculation is fundamentally inadequate to justify the extreme measure of disqualification. *See Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, 436 F. Supp. 3d 870, 874 (E.D. Va. 2020) ("Disqualification of counsel is warranted when the conflict of interest is not just conjectural, but is actual or likely."); *Knechtges v. N.C. Dep't of Pub. Safety*, 5:21-cv-225, 2023 WL 2469915, at *3 (E.D.N.C. Feb. 22, 2023) (finding insufficient basis for disqualifying opposing party's attorney due to the attorney's potential as a witness when "the extent of any insider information held by [the] [a]ttorney . . . [was] not completely clear"); *Brittney Gobble Photography LLC v. Sinclair Broad. Grp. Inc.*, 18-cv-3403, 2021 WL 1515857, at *1 (D. Md. Apr. 16, 2021) (citing *Aetna Cas. & Surety Co. v. United States*, 570 F.2d 1197, 1200-01 (4th Cir. 1978) (requiring that the district court find an "actual conflict," not just a speculative conflict, before disqualifying counsel)). The moving party bears a "high standard of proof" to show that disqualification is warranted. *Id*. Simply put, Plaintiff has not met that high standard of proof. Particularly in light of the high potential for gamesmanship under the circumstances of the instant matter as well as Attorney Underwood's representation—subject to Rule 11—that he was "not a witness to any of the alleged actions which form the basis of the underlying civil action" (*see* ECF No. 18 at 3),

the purely conjectural nature of Plaintiff's argument counsels against disqualification. Accordingly, Plaintiff's motion must be **DENIED**.

### ii.    Protective Order

Plaintiff's request for a protective order is likewise meritless. First, Plaintiff has not identified a legal basis for a protective order. Plaintiff cited Rule 26(c) in support of his request. (ECF No. 14 at 4). Federal Rule 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). As set forth *supra*, this matter has not reached the discovery phase; Plaintiff is not a "person from whom discovery is sought" within the scope of Rule 26(c). Even if this Rule applied, Plaintiff has not demonstrated that a protective order is necessary to protect him from annoyance, embarrassment, oppression, or undue burden or expense. To the contrary, based upon the Court's review, it appears that each of the documents identified by Plaintiff was either generally available to the public at large, such as county tax records, or attached as an exhibit to a public filing as part of civil litigation before the Circuit Court of Raleigh County, West Virginia. (*See* ECF Nos. 14-1; 14-2; 14-3; 14-4; 18; 18-2).

Plaintiff also cited Federal Rule 26(b)(5)(B) in support of his request for a protective order. (ECF No. 14 at 4). This Rule provides that, "[i]f information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it." Fed. R. Civ. P. 26(b)(5)(B). Again, the discovery phase of the instant action has not commenced; as such, none of the information at issue was "produced in discovery" within the scope of Federal Rule 26(b)(5)(B). In fact, this Rule is completely

inapplicable to the matter at hand.

Even if Rule 26(c) or Rule 26(b)(5)(B) had been applicable, the Court's Local Rules as well as Rule 26(c) of the Federal Rules of Civil Procedure require a party "to confer with other affected parties in an effort to resolve the dispute without court action" prior to filing a motion in aid of discovery. Fed. R. Civ. P. 26(c); L.R. Civ. P. 37.1(b). Plaintiff's failure to demonstrate that he conferred in good faith prior to seeking a protective order would thus be fatal to his request for a protective order in any event.

Finally, Plaintiff cited to Rule 502 of the Federal Rules of Evidence in support of his request for a protective order. First, the Rules of Evidence generally apply at trial as opposed to the pretrial phase. Moreover, Rule 502 expressly states that its provisions apply solely "to disclosure of a communication or information covered by the attorney-client privilege or work-product protection." Fed. R. Evid. 502. Plaintiff has made no showing that either the attorney-client privilege or the work-product protection apply to any of the materials at issue. Moreover, even if Plaintiff were able to make such a showing, Plaintiff's public submission of these materials on the State Court record would ostensibly result in waiver of such protections.

In summary, Plaintiff has failed to demonstrate a factual or legal basis for the relief he seeks. As such, his motion (ECF No. 14) must be **DENIED**.

### C.    ECF No. 28 – Plaintiff's *Motion for Reconsideration of the Court's October 29, 2025 Order; Request to Vacate Partial Denial of Leave to Amend; and Motion to Stay the November 12, 2025 Filing Deadline*

On October 31, 2025, Plaintiff filed a *Motion for Reconsideration of the Court's October 29, 2025 Order; Request to Vacate Partial Denial of Leave to Amend; and Motion to Stay the November 12, 2025 Filing Deadline*. (ECF No. 28). Therein, Plaintiff

notes that Magistrate Judge Aboulhosn entered an *Order* on October 29, 2025, denying Plaintiff's "motion to add certain defendants and claims." (ECF No. 28 at 1) (citing ECF No. 27). Plaintiff requests that the Court "vacate its partial denial, grant leave to file the comprehensive Revised Proposed First Amended Complaint (RP-FAC), and stay the November 12, 2025 filing deadline[2] pending a ruling on this motion." *Id.*

Rule 54(b) of the Federal Rules of Civil Procedure permits a United States District Court to revise "any order or other decision, however designated, that adjudicates fewer than all the claims . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 12 (1983) (explaining that "every order short of final decree is subject to reopening at the discretion of the district judge"). Pursuant to this Rule, at any time prior to final judgment a federal district court retains the power to reconsider and modify its interlocutory judgments "when such is warranted." *Blankenship v. Fox News Network, LLC*, 510 F. Supp. 3d 356, 361 (S.D.W. Va. 2020) (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)). Generally, reconsideration is warranted in only three enumerated circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for newly-available evidence; or, finally, (3) to correct a clear error of law or prevent manifest injustice. *Blankenship*, 510 F. Supp. 3d at 361 (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Ultimately, the decision to grant or deny a motion to reconsider "is within the sound discretion of the district court." *Hill v. McCrory*, 1:16- cv-

---

[2] Magistrate Judge Aboulhosn's subject October 29, 2025 *Order* required Plaintiff "to file his first amended complaint" by "no later than November 12, 2025," with respect to his addition of factual allegations against the named Defendants "ONLY"—rejecting Plaintiff's request to add a number of other parties as defendants in this action. (ECF No. 26).

259, 2016 WL 4370048, at *1-2 (W.D.N.C. Aug. 12, 2016) (citing *Pac. Ins. Co.*, 148 F.3d at 403).

On review, the undersigned **FINDS** that Plaintiff merely voices disagreement with Magistrate Judge Aboulhosn's determination, and asks the Court to rethink its rulings—an improper basis for seeking reconsideration. A motion to reconsider "is not an opportunity to relitigate issues already ruled on because a litigant is displeased with the result." *Hill v. McCrory*, 1:16-cv-259, 2016 WL 4370048, at *1-2 (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). This is true even if a party thinks that the Court made the wrong decision. *See Pac. Ins. Co.*, 148 F.3d at 403 (explaining that "it is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through—rightly or wrongly"). Though mindful of the fact that pro-se filings, however unskillfully pleaded, must be liberally construed, legal precedent is clear that Plaintiff cannot succeed on a motion to reconsider simply because he is displeased with the Court's rulings and now hopes for a different result. *Hill*, 2016 WL 4370048, at *1-2.

Plaintiff disagrees with Judge Aboulhosn's conclusion that Plaintiff's claims against the proposed new defendants were "unrelated" to this action. (ECF No. 28 at 1). Likewise, Plaintiff disagrees with Judge Aboulhosn's application of "the doctrines of witness immunity and state action" as well as "the nature of the claim against the [West Virginia Department of Corrections and Rehabilitation] WVDCR" *Id.* at 1-3. But the reconsideration standard does not provide a party another "bite at the apple" or a "mechanism to just keep filing motions with new theories" until the desired result is reached. *Singletary v. Beazley Ins. Co.*, 2:13-cv-1142, 2013 WL 6850147, at *2-3 (D.S.C. Dec. 30, 2013), *aff'd*, 585 Fed. App'x 177 (4th Cir. 2014). That is precisely what Plaintiff

14

improperly attempts to do in his motion. Plaintiff adds new factual assertions in an attempt to tie the "new defendants" to the claims he asserted in his original *Complaint*. (ECF No. 28 at 2). Those facts were available to the Plaintiff at the time he filed his motion to amend; Plaintiff cannot simply file motions to reconsider with additional factual allegations peppered in until the desired result is reached. Similarly, Plaintiff's request that the Court rethink its ruling with regard to application of the doctrines of witness immunity and state action or with respect to the relief sought improperly "ask[s] the Court to rethink what the Court had already thought through—rightly or wrongly." *Pac. Ins. Co.*, 148 F.3d at 403.

Additionally, on November 13, 2025—while the subject motion was still pending—Plaintiff filed a *Narrowed Motion for Reconsideration*, discussed *infra*. (ECF No. 39). In light of this subsequent filing, the instant motion has been impliedly withdrawn by the Plaintiff.

Finally, in light of the Chief District Judge's *Order* vacating Magistrate Judge Aboulhosn's rulings on Plaintiff's motions and subsequent referral of this matter to the undersigned for what essentially constitutes de novo review (*see* ECF No. 52), Plaintiff's request for reconsideration is moot.

Accordingly, for the foregoing reasons, Plaintiff's motion (ECF No. 28) must be **DENIED**. However, since Plaintiff's motion was pending during the time frame in which Magistrate Judge Aboulhosn ordered Plaintiff to file the amended complaint, the undersigned will consider Plaintiff's subsequently-filed amended pleadings—discussed, *infra*—to be timely filed.

### D.    ECF No. 30 – Defendants' *Motion to Strike*

On November 3, 2025, Defendants filed a *Motion to Strike* Plaintiff's *Notice of*

*Subsequent Developments Regarding Defense Counsel's Personal Representation in Related State Matters* (ECF No. 24). (ECF No. 30). Therein, Defendants request that the Court strike Plaintiff's subject submission as an improper surreply in support of his pending *Motion to Disqualify Attorney Jared C. Underwood and His Firm as Counsel for the City of Beckley and the Beckley Police Department, for a Protective Order, and for Related Relief* (ECF No. 14). (ECF No. 30 at 1). Defendants argue that Plaintiff's submission is an improper attempt to circumvent the Court's October 29, 2025 *Order* specifically denying Plaintiff's *Motion for Leave to File Surreply* (ECF No. 23). (ECF No. 30 at 1-2). Additionally, Defendants argue that the Plaintiff's submission should be stricken because the assertions therein "are both immaterial to any claim or defense raised in this matter and are prejudicial to these Defendants as well as defense counsel as it [inaccurately] asserts they have intentionally and knowingly lied to the Court." *Id.* at 3. Because the undersigned found, *supra*, that Plaintiff's motion to disqualify is meritless and must be denied, Defendants' subject motion to strike must be **DENIED** as moot.

However, it is important to note that Plaintiff's subject *Notice* contains a representation of fact that is not accurate. (*See* ECF No. 24). Therein, Plaintiff represents that Defendants' counsel "and their firm are listed as counsel of record for Alan David Abrams and Sarah Abrams in their personal capacities" in a matter before the Circuit Court of Raleigh County, West Virginia. *Id.* In support of his motion, Plaintiff attached screen-shot images from the "WVPASS" website indicating that Defendants' counsel are listed as counsel of record in Raleigh County Circuit Court Civil Action No. CC-41-2025-C-325. (ECF No. 24-1). Notably, the screen-shot images submitted by Plaintiff do not specifically list defense counsel as counsel for either Alan David Abrams or Sarah Abrams in that matter. Further, it appears that the screenshots were cropped in a misleading way.

In response to Plaintiff's *Notice*, Defendants submitted their own screenshots from WVPASS indicating that both Alan David Abrams and Sarah Abrams are represented by James R. Sheatsley, Esq. in that matter, while defense counsel represent the City of Beckley and Beckley Police Department in that matter. (ECF Nos. 30; 30-1). The images supplied by defense counsel are not cropped, but rather provide a full view of the WVPASS webpage; notably, Defendants' submission supports their representations, and contradicts Plaintiff's representation. (*See* ECF No. 30-1).

The Court is concerned with Plaintiff's misrepresentation of the facts, as well as Plaintiff's gamesmanship in circumventing the Court's express order denying his request to file a surreply. In light of his status as a pro-se party, the Court will grant Plaintiff the benefit of the doubt with respect to his factual misstatements regarding defense counsel's representation of Alan Abrams and Sarah Abrams in the Raleigh County Circuit Court matter, Civil Action No. CC-41-2025-C-325. The Court will likewise excuse Plaintiff's improper filing of a surreply brief on this occasion. However, moving forward, Plaintiff must be forewarned of his obligation to comply with the applicable procedural rules as well as the Court's Orders.

Accordingly, Plaintiff is **NOTIFIED** that, while a document filed pro se is to be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a party's "pro se status is not a free pass to engage in abusive conduct." *Meeks v. McClung*, 2:20-cv-00583, 2022 WL 4352497, at *9 (S.D.W. Va. Aug. 30, 2022), *report and recommendation adopted*, 2022 WL 4343104 (S.D.W. Va. Sept. 19, 2022) (quoting *Fenner v. Bell*, 1:08-cv-00367, 2009 WL 6372547, at *1 n.1 (M.D.N.C. Nov. 13, 2009), *aff'd*, 375 F. App'x 362 (4th Cir. 2010)).

A Plaintiff's *pro se* status does not alter application of the Local or Federal Rules of Civil Procedure to his or her filings. This district's Pro Se Handbook expressly notifies *pro se* litigants that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process." Pro Se Handbook, at § 2.3 p. 3-4. This means that pro se litigants "are responsible for becoming familiar with and following the Court's local rules and procedures . . . [including] read[ing] the Federal and Local Rules of Procedure and becom[ing] familiar with them" *Id.* at § 4 p. 11. Moreover, "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* at § 2.3 p. 4.

Moreover, "[n]either the liberal pleading rules nor generous pro se practices of the courts has eliminated the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect." *Meeks*, 2022 WL 4352497, at *9 (citation omitted). There is nothing in the record as it currently stands which would lead the Court to conclude that Plaintiff is any more or less legally sophisticated than any other non-lawyer, and thus he will be given the appropriate deference by the Court, but not a "free pass" to engage in abusive motion practice. The Court has the inherent authority to impose sanctions as necessary to protect the orderly administration of its docket and the fundamental credibility of the Court itself. *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991). When a party ignores the express warning of the Court that continued disregard of Court orders would result in sanctions, the sanction of dismissal is proper, although harsh, because "any other course would . . . place[] the credibility of the court in doubt and invite[] abuse." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, <u>Plaintiff is hereby expressly **NOTIFIED** that further</u>

misconduct **WILL** result in the undersigned's recommendation to the presiding Chief U.S. District Judge that this civil action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### E.    ECF No. 33 – Plaintiff's *Motion for Protective Order and Limited Sealing; In Camera Identity Submission for Confidential Witness ("CW-1")*

On November 3, 2025, Plaintiff filed a *Motion for Protective Order and Limited Sealing; In Camera Identity Submission for Confidential Witness ("CW-1")*. (ECF No. 33). Therein, Plaintiff seeks a "narrowly tailored protective order allowing Plaintiff to submit a sworn declaration from an active-duty law-enforcement sergeant as 'CW-1,' with identity redacted from public filings at this preliminary stage." *Id.* at 1. In support, Plaintiff argues that disclosing the identity of the law-enforcement officer "risks workplace retaliation and would chill essential testimony." *Id.* Notably, Plaintiff fails to offer any legal authority in support of his request. Nor does Plaintiff supply any basis for his stated belief that disclosing the identity of the witness in this civil action would cause the witness to suffer workplace retaliation or would chill "essential testimony"— particularly when this action has not progressed beyond the initial pleading phase. As set forth *supra*, a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is inapplicable at this stage of the proceedings. Accordingly, because Plaintiff's motion lacks any factual or legal basis, it must be **DENIED**.

### F.    ECF No. 36 – Plaintiff's *Motion to Supplement Pending Motion for Reconsideration with Revised Proposed First Amended Complaint (RP-FAC #2)*

On November 7, 2025, Plaintiff filed a *Motion to Supplement Pending Motion for Reconsideration with Revised Proposed First Amended Complaint (RP-FAC #2)*. (ECF No. 36). Therein, Plaintiff seeks to supplement his *Motion for Reconsideration of the*

*Court's October 29, 2025 Order; Request to Vacate Partial Denial of Leave to Amend;*
*and Motion to Stay the November 12, 2025 Filing Deadline* (ECF No. 28), discussed
*supra*, "to provide the Court with a fact-rich, intensely documented pleading that
illustrates precisely how all proposed defendants and claims are part of a single,
continuous, and causally connected scheme." (ECF No. 36 at 1). As the Court explained
*supra*, however, the reconsideration standard does not provide a party another "bite at
the apple" or a "mechanism to just keep filing motions with new theories" until the desired
result is reached. *Singletary v. Beazley Ins. Co.*, 2:13-cv-1142, 2013 WL 6850147, at *2-3
(D.S.C. Dec. 30, 2013), *aff'd*, 585 Fed. App'x 177 (4th Cir. 2014). That is precisely what
Plaintiff improperly attempts to do in his proposed "supplement." Those facts were
available to the Plaintiff at the time he filed his motion to amend; Plaintiff cannot simply
file motions to reconsider with additional factual allegations peppered in until the desired
result is reached. Accordingly, Plaintiff's motion must be **DENIED**.

> **G.    ECF No. 37 – Plaintiff's *Extremely Urgent Motion to Supplement
> the Record for Pending Motion for Reconsideration and Motion to File
> Exhibits Under Seal*, and ECF No. 65 – Plaintiff's *Motion for Leave to
> File Material Evidence Under Seal and For In Camera Review
> (Temporary)***

> ### i.    Motion to File Exhibits Under Seal (ECF No. 37)

On November 12, 2025, Plaintiff filed—provisionally under seal—a motion titled
*Extremely Urgent Motion to Supplement the Record for Pending Motion for
Reconsideration and Motion to File Exhibits Under Seal.* (ECF No. 37). Plaintiff argues
that the evidence he seeks to file under seal "demonstrates that the claims against the
police defendants and the private defendants are not 'unrelated,' but are inextricably
intertwined as part of a single, continuous conspiracy." *Id.* Further, Plaintiff argues that
the evidence should be sealed "[b]ecause this evidence involves a law enforcement officer

stepping forward to expose misconduct[.]" *Id.*

As set forth *supra*, the reconsideration standard does not provide a party another "bite at the apple" or a "mechanism to just keep filing motions with new theories" until the desired result is reached. *Singletary v. Beazley Ins. Co.*, 2:13-cv-1142, 2013 WL 6850147, at *2-3 (D.S.C. Dec. 30, 2013), *aff'd*, 585 Fed. App'x 177 (4th Cir. 2014). That is precisely what Plaintiff improperly attempts to do in his motion. Plaintiff adds new factual assertions in an attempt to tie the "new defendants" to the claims he asserted in his original *Complaint*. (ECF No. 28 at 2). Those facts were available to the Plaintiff at the time he filed his motion to amend; Plaintiff cannot simply file motions to reconsider with additional factual allegations peppered in, or continuously supplement the record with additional evidence, until the desired result is reached. Moreover, even if the submission of these additional facts had been appropriate, they do not impact Magistrate Judge Aboulhosn's analysis because—as Magistrate Judge Aboulhosn aptly explained—these matters do not expand or alter the factual or legal basis for the Plaintiff's federal claims and do not support adding new parties or new unrelated claims. (*See* ECF No. 46 at 12) (vacated).

Furthermore, as set forth *supra*, Plaintiff has failed to demonstrate a legal basis for withholding the identity of the purported witness. Nor has Plaintiff demonstrated a basis for sealing his submissions. Generally, the public has a great interest in knowing what is on the court's docket. Loc. R. Civ. P. 26.4(c)(1) ("The rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it."). The common-law presumption of public access can be overcome only if the party seeking to seal the documents shows "some significant interest outweighing the presumption." *Rushford v. N.Y. Mag.*, 846 F.2d 249, 253 (4th Cir. 1988).

Therefore, a filing may be sealed only "in exceptional circumstances." Loc. R. Civ. P. 26.4(c)(1). In addition to showing exceptional circumstances, there are also procedural requirements for filing a motion to seal. Specifically, when a party moves to seal, it must file a motion "accompanied by a memorandum of law." Loc. R. Civ. P. 26.4(c)(2). The memorandum must contain: (1) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction are inadequate; (2) the requested duration of the proposed seal; and (3) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and Court of Appeals. L.R. Civ. P. 26.4(c)(2)(A)-(C). Plaintiff's motion is totally devoid of all three procedural requirements under the Local Rules of Civil Procedure, and he has fundamentally failed to demonstrate the "exceptional circumstances" which warrant sealing the materials at issue.

Although he is proceeding pro se and his filings are entitled to a liberal construction, Plaintiff is nonetheless responsible for reviewing and following the procedures that govern the court process, as set forth in the Federal Rules of Civil Procedure, the Court's Local Rules, and this Court's Pro Se Handbook. Plaintiff is directed to follow the Local Rules if he wishes to file a document under seal. Finally, the undersigned **FINDS** that sealing is inappropriate under the circumstances of this case. Particularly when there have been indications of gamesmanship in Plaintiff's filings, such as his careful cropping of an exhibit discussed in Section II.D., *supra*, the Court prefers that all filings be made public on the record absent a proper showing of the "exceptional circumstances" warranting the sealing of materials, supported by applicable legal authority. Accordingly, Plaintiff's motion must be **DENIED**, and his submission be **UNSEALED**.

### ii.    Motion to File Evidence Under Seal (ECF No. 65)

On December 22, 2025 Plaintiff filed a *Motion for Leave to File Material Evidence Under Seal and For In Camera Review (Temporary)*. (ECF No. 65). Therein, Plaintiff seeks leave "to submit certain material evidence under seal and for in camera review, on a temporary basis, in connection with Defendants' Motion to Stay." *Id.* First, the undersigned has already denied Defendants' motion to stay; as such, Plaintiff's submission is moot. Furthermore, for the reasons set forth in Section II.G., *supra*, Plaintiff has failed to demonstrate that sealing is appropriate under the circumstances. Accordingly, Plaintiff's motion must be **DENIED**, and his submission be **UNSEALED**.

### H.    ECF No. 39 – Plaintiff's *Narrowed Motion for Reconsideration of October 29, 2025 Order (Rule 54(b)); Request to Allow Joinder of the City, Officers, and Four Intertwined Private Actors Only; Or, Alternatively, for Limited Early Discovery and a Date-Certain to Revisit Joinder*

On November 13, 2025, Plaintiff filed a *Narrowed Motion for Reconsideration of October 29, 2025 Order (Rule 54(b)); Request to Allow Joinder of the City, Officers, and Four Intertwined Private Actors Only; Or, Alternatively, for Limited Early Discovery and a Date-Certain to Revisit Joinder*. (ECF No. 39). For the same reasons set forth in Section II.C., *supra*, Plaintiff's request for reconsideration is inappropriate under the circumstances. Moreover, the undersigned **FINDS** for the reasons stated herein that Plaintiff has failed to demonstrate a factual or legal basis for "early discovery" in this matter. Accordingly, Plaintiff's motion must be **DENIED**. Plaintiff's repeated insistence on inserting discovery issues into this matter prior to the discovery phase is inappropriate; discovery will not commence unless and until the initial pleadings close and this matter has been duly screened in accordance with 28 U.S.C. § 1915(e).

## I.    ECF No. 41 – Plaintiff's *Emergency Motion (1) to Compel Non-Party Production Under Rule 45; (2) to Shorten Time; (3) for ESI Preservation and Judicial Notice; and (4) for Alternative Relief (Neutral Examiner or Limited Continuance)*

On November 17, 2025, Plaintiff filed an *Emergency Motion (1) to Compel Non-Party Production Under Rule 45; (2) to Shorten Time; (3) for ESI Preservation and Judicial Notice; and (4) for Alternative Relief (Neutral Examiner or Limited Continuance)*. (ECF No. 41). Therein, Plaintiff seeks to compel a non-party to produce a "forensic extraction of Plaintiff's phone performed for Plaintiff's ongoing cases under multiple case numbers" pursuant to Rule 45 of the Federal Rules of Civil Procedure as well as Rule 37(e) of the Federal Rules of Civil Procedure and Rule 201 of the Federal Rules of Evidence. For the reasons set forth *supra*, the relief Plaintiff seeks is premature. Nor has Plaintiff demonstrated any "emergency" justifying Plaintiff's request to put the proverbial cart before the horse procedurally.

Moreover, even if discovery had been proper at this phase of the proceedings, Plaintiff's attempt to obtain discovery from a non-party fails to comply with the requirements of Rule 45. While pro-se filings are to be construed liberally, Plaintiff is nonetheless responsible for reviewing and following the procedures that govern the court process, as set forth in the Federal Rules of Civil Procedure, the Court's Local Rules, and this Court's Pro Se Handbook. The Court may penalize a party's attorney for failure to comply with an applicable law, procedural rule, or order of this Court, and parties who proceed without counsel are subject to the same sanctions as licensed attorneys. *See* Pro Se Handbook § 2.3, at 4. Plaintiff has been notified of his obligations pursuant to these procedural rules by Magistrate Judge Aboulhosn. (*See* ECF No. 46 at 15) (vacated). Thus, Plaintiff is on notice that his pro-se status does not afford him a "free pass" to circumvent

the procedural requirements of Rule 45, and his motion must be **DENIED**.

**J.    ECF No. 55 – Plaintiff's *Notice of Defendants' and Defense Counsel's Obstruction of Access to Public Records and Emergency Motion for Corrective Action and Sanctions***

On December 3, 2025, Plaintiff filed a *Notice of Defendants' and Defense Counsel's Obstruction of Access to Public Records and Emergency Motion for Corrective Action and Sanctions*. (ECF No. 55). Therein, Plaintiff "notifies" the Court that "the Beckley Police Department, a party to this action, refused to provide Plaintiff with publicly available incident reports" on December 1, 2025. *Id*. at 1. Plaintiff argues that "[t]his is not a discovery dispute" but rather "an extra-judicial act of evidence suppression directly tied to the subject matter of his case and requiring immediate judicial intervention." *Id*. Despite Plaintiff's characterization of the material sought from the Beckley Police Department, Plaintiff has simply failed to demonstrate that he is entitled to an order from this Court commanding production by the Beckley Police Department of any "incident reports" relating to this civil action. As the Court has explained to Plaintiff repeatedly, any discovery sought is premature. Plaintiff has failed to set forth a factual or legal basis for compelling disclosure of the information sought prior to the close of the pleadings or the Court's initial screen of this matter pursuant to 28 U.S.C. § 1915(e). Plaintiff's repeated attempts to inject discovery issues into this stage of the litigation has prolonged and delayed the proceedings improperly in a manner that has abused the judicial process and threatened the Court's orderly administration of its docket. Accordingly, the motion must be **DENIED**.

**K.    ECF No. 57 – Plaintiff's *Emergency Motion for Judicial Intervention and Referral for Federal Investigation into Witness Tampering, Obstruction of Justice, and Conspiracy Against Rights***

On December 8, 2025, Plaintiff filed an *Emergency Motion for Judicial*

*Intervention and Referral for Federal Investigation into Witness Tampering, Obstruction of Justice, and Conspiracy Against Rights*. (ECF No. 57). Therein, Plaintiff argues that defense counsel engaged in misconduct in a state court filing. (ECF No. 67 at 3). It appears that Plaintiff reported to the Beckley Police Department that he was shot at by an unidentified individual; defense counsel subsequently referred to Plaintiff as "a 'suspect' in his own attempted murder[.]" *Id.* at 5. Plaintiff argues that "[t]he Beckley Police Department cannot impartially investigate an attempted murder when its own command staff are subjects of the broader conspiracy and have now affirmatively attempted to frame the victim." *Id.* at 8. Plaintiff asks that the Court issue an "IMMEDIATE REFERRAL of this matter to the United States Department of Justice for investigation into witness tampering and conspiracy against rights" and further issue (1) an "ORDER TO SHOW CAUSE requiring defense counsel to explain their bad-faith conduct;" as well as (2) "A PROTECTIVE ORDER shielding Plaintiff from further intimidation or retaliatory narrative fabrication." *Id.* at 12.

Plaintiff's attempt to spin defense counsel's alleged statement during separate State-court proceedings into a federal investigation is simply outside the scope of this lawsuit. First, "[a]s a private citizen, the plaintiff has no judicially cognizable interest in the criminal prosecution of another." *White v. Francis*, 3:08-cv-163, 2009 WL 1393383, at *2 (N.D. W. Va. May 15, 2009) (citing *Sattler v. Johnson*, 857 F.2d 224, 226- 27 (4th Cir. 1988)). If Plaintiff believes a federal investigation is appropriate, his remedy is to contact his county prosecutor's office or the Federal Bureau of Investigation, as "[u]ltimately, the decision to charge [the defendants] with a crime rests with the government, not with the Court." *Newell v. W. Reg'l Jail*, 3:20-cv-603, 2020 WL 5550393, at *1 (S.D. W. Va. Sept. 16, 2020) (explaining that "with respect to plaintiff's

inquiry about lodging a hate crime charge . . . this Court cannot provide that relief").

Moreover, the issues raised in Plaintiff's motion are either irrelevant or premature at this stage of the proceedings, for the reasons stated herein. The statement highlighted by the Plaintiff does not support his claim of witness tampering or of a widespread conspiracy. His contentious relationship with Defendants as well as defense counsel does not create an emergency situation requiring judicial intervention outside the scope of the claims at issue in this suit. Accordingly, Plaintiff's motion must be **DENIED**.

### L.    ECF No. 58 – Defendants' Second *Motion to Strike*, and ECF No. 59 – Plaintiff's *Opposition to Defendants' Bad-Faith Motion to Strike and Cross-Motion for Sanctions*

#### i.    Defendants' Second *Motion to Strike* (ECF No. 58)

On December 10, 2025, Defendants filed a second *Motion to Strike*. (ECF No. 58). Therein, Defendants request that the Court strike from the record a filing made by Plaintiff styled a *Notice of Judicial Findings and Memorandum in Support* (ECF No. 47). (ECF No. 58 at 1). In his *Notice*, Plaintiff asserts that a copy of a dismissal order of a state-court action against his former wife and father-in-law "rebut[s] Defendants' assertions that Plaintiff is a vexatious litigant who files frivolous lawsuits and demonstrate a pattern of bad-faith conduct by parties related to this action." (ECF No. 47 at 1). The undersigned **FINDS** that Plaintiff's *Notice* and related documents were filed improperly, as they do not constitute an appropriate pleading or motion, and are not directed at any specific motion in the form of a timely response or reply. Moreover, as stated *supra*, Plaintiff's multiple attempts to inject information regarding other lawsuits is premature and inappropriate at this stage of the proceedings.

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike "are generally viewed with disfavor," and the movant bears the burden to "clearly show" that inclusion of the challenged portion or portions of the pleading "will prejudice" the movant. *Courtland Co., Inc. v. Union Carbide Corp.*, 2:19-cv-894, 2021 WL 1868313, at *2 (S.D. W. Va. May 10, 2021) (citing Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)). First, Rule 12(f) only permits motions to strike *pleadings*. *See* Fed. R. Civ. P. 12(f) ("The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). As Plaintiff's submission is not a pleading, a motion to strike is not the appropriate procedural mechanism. *See Franklin v. Bww L. Grp., LLC*, 16-cv-0455, 2016 WL 2756576, at *2 n.3 (D. Md. May 12, 2016) ("Defendant's reply brief is not a pleading, nor is its motion to dismiss the complaint."). Moreover, "even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." *SEC v. Northern*, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, at 421-22 (3d ed. 2004)). In the present case, Defendants have not shown how they were harmed or otherwise prejudiced by Plaintiff's *Notice*, or by its presence on the docket of this case. In light of the undersigned's findings, *supra*, that Plaintiff's filings are improper, there is simply no need to strike Plaintiff's *Notice* and related materials from the record. *See id.* Accordingly, Defendant's motion must be **DENIED**. While this is a contentious case, all of the parties would be well advised to concentrate on the relevant issues before the Court and to refrain from cumulative, unnecessary motion practice.

### ii.    Plaintiff's *Opposition and Cross-Motion* (ECF No. 59)

Relatedly, Plaintiff filed a response to Defendants' above-referenced *Motion to*

*Strike* on December 15, 2025. (ECF No. 59). Plaintiff's response is styled *Opposition to Defendants' Bad-Faith Motion to Strike and Cross-Motion for Sanctions. Id.* Therein, Plaintiff opposes Defendants' motion to strike and further seeks an order, *inter alia*, "GRANTING Plaintiff's Cross-Motion for Sanctions and ordering defense counsel to personally reimburse Plaintiff for the time and resources expended responding to this frivolous, bad-faith motion[.]" *Id.* at 5. As the undersigned has denied Defendants' motion to strike, Plaintiff has suffered no prejudice. Moreover, in light of the Court's findings on numerous occasions that Plaintiff submitted multiple motions that were not supported by a factual or legal basis, Plaintiff's request that the Court censure defense counsel for filing a motion that Plaintiff personally believes was frivolous is in itself frivolous. For these reasons and for all of the reasons set forth herein, Plaintiff's motion must be **DENIED**. As set forth *supra*, while this is a contentious case, all of the parties would be well advised to concentrate on the relevant issues before the Court and to refrain from cumulative, unnecessary motion practice.

### M. ECF No. 60 – Plaintiff's *Status Report and Motion for a Scheduling Conference to Determine the Operative Complaint and Path Forward*, ECF No. 63 – Plaintiff's *Cross-Motion to Compel Immediate Scheduling Conference*, and ECF No. 69 – Plaintiff's *Consolidated Emergency Motion for Article III Case Management, Record-Integrity and Evidence-Preservation Relief, No-Retaliation/No-Interference Order for Material Witness "CW-1," and Expedited Status Conference*

### i. Motion for Scheduling Conference (ECF No. 60)

On December 17, 2025, Plaintiff filed a *Status Report and Motion for a Scheduling Conference to Determine the Operative Complaint and Path Forward*. (ECF No. 60). Therein, Plaintiff requests "that the Court set this matter for a scheduling conference at its earliest convenience . . . to establish a clear procedural path forward[.]" *Id.* at 2.

Plaintiff acknowledges therein that, "[b]efore a scheduling order can be meaningfully entered, a threshold determination must be made as to which parties and claims will proceed in this action." *Id.* at 2. Further, Plaintiff acknowledges that the Court's December 2, 2025 *Order* vacating Magistrate Judge Aboulhosn's prior rulings on a number of motions "effectively revived numerous motions filed by both parties, which are now pending before this Court for consideration." *Id.* at 1.

The undersigned **FINDS** that a scheduling conference is not appropriate at this stage of the proceedings. First, the instant action is exempt from the rule generally requiring the Court to enter a scheduling order under the circumstances. Rule 16(b)(1) of the Federal Rules of Civil Procedure provides that, "[e]xcept in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order[.]" Fed. R. Civ. P. 16(b)(1)-(2) (emphasis added). This Court's Local Rules of Civil Procedure expressly exempt from the scheduling order requirement of Federal Rule 16(b) "petitions pursuant to 42 U.S.C. § 1983 and "Bivens-type" actions in which plaintiff is unrepresented by counsel." L.R. Civ. P. 16.1(g)(6). In the matter *sub judice*, Plaintiff is proceeding pro se pursuant to 42 U.S.C. § 1983. Thus, the Court is not required to enter any scheduling order at this time under the circumstances. Moreover, it is well-established that district courts have "broad discretion" to manage their dockets, manage the sequence of discovery, and establish deadlines for filing motions and a schedule for their disposition in order to "secure the just, speedy, and inexpensive determination of every action" in a manner that efficiently and effectively conserves judicial resources. Fed. R. Civ. P. 1; *Audrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied*, 480 U.S. 934 (1987). As Plaintiff himself appears to acknowledge, this Court is presently bogged down with a significant number of pending

motions—the vast majority of which were brought by Plaintiff—which include motions regarding a threshold determination as to the adequacy and content of Plaintiff's initial pleading. Until the Court is able to reach these issues, it is simply premature to consider the "path forward." Plaintiff's understandable sense of urgency would best be served by stepping out of his own way—refraining from filing any further motions seeking relief duplicative of other requests for relief that remain pending, and other materials that are improper under the applicable procedural rules. Plaintiff should only move for relief when there is a legal and a factual basis for his request. Accordingly, for the foregoing reasons, Plaintiff's motion must be **DENIED**.

### ii.    Motion to Compel Scheduling Conference (ECF No. 63)

On December 22, 2025, Plaintiff responded to the Defendants' request to stay this matter and therein filed a *Cross-Motion to Compel Immediate Scheduling Conference*. (ECF No. 63). Therein, Plaintiff characterizes Defendants' request to stay this action as "obstruction," and he argues that "Defendants want a stay to . . . bog this case down in a procedural quagmire[.]" *Id.* at 2. Wanting to avoid "[a]ny further delay" Plaintiff requests that the Court "proceed with this case immediately." *Id.*

While it is clear that the litigation is contentious, Plaintiff's own duplicative and cumulative motion filings—including the subject duplicative motion for a scheduling conference—is no less responsible for the delay in the forward motion of this case, as Plaintiff himself acknowledged in his previous motion for scheduling conference. *See* Discussion at II.M.i., *supra*. Accordingly, for the same reasons set forth with respect to Plaintiff's first request for a scheduling conference, *supra*, Plaintiff's motion for an "immediate" scheduling conference must be **DENIED**. The Court will address the issue of a case schedule at the appropriate time, upon the close of the pleadings.

### iii.    Motion for Expedited Status Conference (ECF No. 69)

On February 11, 2026, Plaintiff filed a *Consolidated Emergency Motion for Article III Case Management, Record-Integrity and Evidence-Preservation Relief, No-Retaliation/No-Interference Order for Material Witness "CW-1," and Expedited Status Conference*. (ECF No. 69). Therein, Plaintiff essentially reiterates each of the claims for relief asserted in his pending motions discussed, *supra*, and further asks that the Court vacate the referral to the undersigned and undertake "direct Article III management of those issues" by the presiding Chief U.S. District Judge as well as setting an "expedited Article III status conference" to address Plaintiff's evidentiary concerns. For all the reasons set forth in detail herein, *supra*, Plaintiff's request is meritless and his motion must be **DENIED**.

### N.    ECF No. 64 – Plaintiff's *Motion for Sanctions for Spoliation of Evidence, Adverse Inference, and Fraud Upon the Court*

On December 22, 2025, Plaintiff filed a *Motion for Sanctions for Spoliation of Evidence, Adverse Inference, and Fraud Upon the Court*. (ECF No. 64). Therein, Plaintiff reiterates evidentiary matters already asserted in his pending motions discussed, *supra*. For all the reasons set forth in detail herein, *supra*, Plaintiff's request is meritless and his motion must be **DENIED**.

### O.    ECF No. 70 – Defendants' Third *Motion to Strike*

On February 25, 2026, Defendants filed a third *Motion to Strike*. (ECF No. 70). For the reasons set forth in Section II.L.i., *supra*, Defendants' motion must be **DENIED**.

### P.    Notice to Plaintiff

Furthermore, because Plaintiff is proceeding without counsel in this matter, he is hereby **NOTIFIED** as follows:

1.      Plaintiff must file a statement with the Clerk of Court confirming (1) his complete legal name, (2) his current telephone number, and (3) an address where he may be served with pleadings, notices, orders, and other papers relating to this civil action in the event there are any subsequent changes in his name, address, or telephone number. *See* L.R. Civ. P. 83.5.

2.      Plaintiff is responsible for reviewing and following the procedures that govern the court process, as set forth in the Federal Rules of Civil Procedure, the Court's Local Rules, and this Court's Pro Se Handbook.[3] The Court may penalize a party's attorney for failure to comply with an applicable law, procedural rule, or order of this Court, and parties who proceed without counsel are subject to the same sanctions as licensed attorneys. *See* Pro Se Handbook § 2.3, at 4.

3.      The undersigned further notes that the Court's orderly screening of this matter has been unnecessarily protracted by Plaintiff due to a flurry of largely duplicative and premature motion filings. The just, speedy, and inexpensive determination of this action depends upon Plaintiff's good-faith cooperation in the litigation process. *See* Fed. R. Civ. P. 1. Plaintiff is **NOTIFIED** that, while a document filed pro se is to be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a party's "pro se status is not a free pass to engage in abusive conduct." *Meeks v. McClung*, 2:20-cv-00583, 2022 WL 4352497, at *9 (S.D.W. Va. Aug. 30, 2022), *report and recommendation adopted*, 2022 WL 4343104 (S.D.W. Va. Sept. 19, 2022) (quoting *Fenner v. Bell*, 1:08-cv-00367, 2009 WL 6372547, at *1 n.1 (M.D.N.C. Nov. 13, 2009), *aff'd,* 375 F. App'x 362 (4th Cir. 2010)).

---

[3] This Court's Local Rules as well as its operative Pro Se Handbook may be accessed at the following web address: https://www.wvsd.uscourts.gov/filing-without-attorney.

A Plaintiff's *pro se* status does not alter application of the Local or Federal Rules of Civil Procedure to his or her filings. This district's Pro Se Handbook expressly notifies *pro se* litigants that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process." Pro Se Handbook, at § 2.3 p. 3-4. This means that pro se litigants "are responsible for becoming familiar with and following the Court's local rules and procedures . . . [including] read[ing] the Federal and Local Rules of Procedure and becom[ing] familiar with them" *Id.* at § 4 p. 11. Moreover, "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* at § 2.3 p. 4.

Moreover, "[n]either the liberal pleading rules nor generous pro se practices of the courts has eliminated the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect." *Meeks*, 2022 WL 4352497, at *9 (citation omitted). There is nothing in the record as it currently stands which would lead the Court to conclude that Plaintiff is any more or less legally sophisticated than any other non-lawyer, and thus he will be given the appropriate deference by the Court, but not a "free pass" to engage in abusive motion practice.

Plaintiff should be aware that his own protracted motion practice—often seeking duplicative relief, raising cumulative matters, or continuously supplementing the record on pending motions without leave of Court in violation of Local Rule 7.1—stands as the central impediment to the efficient resolution of this matter. Accordingly, Plaintiff is hereby **NOTIFIED** that filing motions requesting the same relief already sought in a pending motion is improper, and should Plaintiff file any further duplicative motions or motions that abuse the judicial process, the Court will impose sanctions, including but

not limited to striking the motion and/or recommending that the presiding U.S. District Judge dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

4.    Finally, Plaintiff is hereby **NOTIFIED that his failure to comply with the directives set forth this *Order and Notice* may result in the dismissal of this matter**. *See* Fed. R. Civ. P. 41(b).

## III.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

(1)    Plaintiff's *EMERGENCY Motion for Preservation Order and to Compel Production of BWC Footage, and Magistrate Hearing audio/video* (ECF No. 7) is **DENIED**;

(2)    Plaintiff's *Motion to Disqualify Attorney Jared C. Underwood and His Firm as Counsel for the City of Beckley and the Beckley Police Department, for a Protective Order, and for Related Relief* (ECF No. 14) is **DENIED**;

(3)    *Motion for Reconsideration of the Court's October 29, 2025 Order; Request to Vacate Partial Denial of Leave to Amend; and Motion to Stay the November 12, 2025 Filing Deadline* (ECF No. 28) is **DENIED**;

(4)    Defendants' *Motion to Strike* (ECF No. 30) is **DENIED** as moot;

(5)    Plaintiff's *Motion for Protective Order and Limited Sealing; In Camera Identity Submission for Confidential Witness ("CW-1")* (ECF No. 33) is **DENIED**;

(6)    Plaintiff's *Motion to Supplement Pending Motion for Reconsideration with Revised Proposed First Amended Complaint (RP-FAC #2)* (ECF No. 36) is **DENIED**;

(7)    Plaintiff's *Extremely Urgent Motion to Supplement the Record for Pending*

*Motion for Reconsideration and Motion to File Exhibits Under Seal* (ECF No. 37) is **DENIED**, and is hereby **UNSEALED**;

(8)     Plaintiff's *Narrowed Motion for Reconsideration of October 29, 2025 Order (Rule 54(b)); Request to Allow Joinder of the City, Officers, and Four Intertwined Private Actors Only; Or, Alternatively, for Limited Early Discovery and a Date-Certain to Revisit Joinder* (ECF No. 39) is **DENIED**;

(9)     Plaintiff's *Emergency Motion (1) to Compel Non-Party Production Under Rule 45; (2) to Shorten Time; (3) for ESI Preservation and Judicial Notice; and (4) for Alternative Relief (Neutral Examiner or Limited Continuance)* (ECF No. 41) is **DENIED**;

(10)    Plaintiff's *Notice of Defendants' and Defense Counsel's Obstruction of Access to Public Records and Emergency Motion for Corrective Action and Sanctions* (ECF No. 55) is **DENIED**;

(11)    Plaintiff's *Emergency Motion for Judicial Intervention and Referral for Federal Investigation into Witness Tampering, Obstruction of Justice, and Conspiracy Against Rights* (ECF No. 57) is **DENIED**;

(12)    Defendants' *Motion to Strike* (ECF No. 58) is **DENIED**;

(13)    Plaintiff's *Cross-Motion for Sanctions* (ECF No. 59) is **DENIED**;

(14)    Plaintiff's *Status Report and Motion for a Scheduling Conference to Determine the Operative Complaint and Path Forward* (ECF No. 60) is **DENIED**;

(15)    Plaintiff's *Cross-Motion to Compel Immediate Scheduling Conference* (ECF No. 63) is **DENIED**;

(16)    Plaintiff's *Motion for Sanctions for Spoliation of Evidence, Adverse*

*Inference, and Fraud Upon the Court* (ECF No. 64) is **DENIED**;

(17) Plaintiff's *Motion for Leave to File Material Evidence Under Seal and For In Camera Review (Temporary)* (ECF No. 65) is **DENIED**, and is hereby **UNSEALED**;

(18) Plaintiff's *Consolidated Emergency Motion for Article III Case Management, Record-Integrity and Evidence-Preservation Relief, No-Retaliation/No-Interference Order for Material Witness "CW-1," and Expedited Status Conference* (ECF No. 69) is **DENIED**; and

(19) Defendants' *Motion to Strike* (ECF No. 70) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTERED:   March 2, 2026

Dwane L. Tinsley
United States Magistrate Judge